UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS ORTEGA MACARIO,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No.  25-cv-10885-TLT

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 8

Pending before the Court is Petitioner-Plaintiff Jose Luis Ortega Macario's *Ex Parte* Motion for Temporary Restraining Order.  ECF 8.  On December 22, 2025, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that he was detained without a notice or hearing in violation of his Due Process rights under the Fifth Amendment.  ECF 1. Petitioner-Plaintiff requests that the Court (1) order that Respondents immediately release Petitioner-Plaintiff from custody and enjoin Respondents from re-detaining him absent further order of this Court; or (2) immediately release Petitioner-Plaintiff from Respondents' custody and enjoin Respondent from re-detaining them unless and until he is afforded a hearing that complies with due process, before a neutral adjudicator; and (3) prohibit the government from transferring him out of this District and/or removing him from the country until these habeas proceedings have concluded.  ECF 8 at 19–20.  For the reasons stated below, the Court **GRANTS** Petitioner-Plaintiff Jose Luis Ortega Macario's *Ex Parte Motion* for Temporary Restraining Order.

I.    **BACKGROUND**

Petitioner-Plaintiff Jose Luis Ortega Macario ("Petitioner-Plaintiff") is a 34-year-old national of Guatemala who entered the United States in San Francisco, California.  ECF 1 ¶ 19; *see* Declaration of Jennifer T. Friedman ("Friedman Decl.") ¶ 4.  Petitioner-Plaintiff, his then-

partner, and their two young children, turned themselves in to immigration officials at or near the border on December 20, 2021. *Id.* ¶ 20. There, Petitioner-Plaintiff and his family were processed for removal proceedings and released within approximately two days. *Id.*

Petitioner-Plaintiff has lived in San Francisco with his family—including his eldest child who joined them in July 2023—ever since. *Id.* ¶¶ 21–22. On September 30, 2022, Petitioner-Plaintiff and his then-partner separated after a disagreement which resulted in Petitioner-Plaintiff's arrest. *Id.* ¶ 23. Petitioner-Plaintiff was charged for misdemeanor domestic violence, but the charges were dismissed by the prosecution. *Id.* ¶ 5.

Petitioner-Plaintiff shares legal and physical custody of his children who are currently 12, 9, and 6 years old. *Id.* ¶¶ 25–26.

Both Petitioner-Plaintiff and his ex-partner having fled to the United States fleeing gang violence, including multiple physical assaults and death threats, Petitioner-Plaintiff's ex-partner was granted asylum. *Id.* ¶¶ 19, 27. Their children were granted derivative asylum status. *Id.*

Petitioner-Plaintiff has valid work authorization and works full-time in construction. *Id.* ¶ 28. He is currently working five days a week on home remodeling with a contractor. *Id.*

On January 27, 2025, the Immigration Judge denied Petitioner-Plaintiff's application for asylum and related applications for relief. *Id.* ¶ 29. Petitioner-Plaintiff filed a timely appeal to the BIA on January 30, 2025. *Id.* That appeal remains pending. *Id.*

On September 7, 2025, Petitioner-Plaintiff was stopped by police and cited for driving under the influence of alcohol. *Id.* ¶ 30. He was promptly released, and no charges were filed. *Id.* To this day, no charges have been filed. *Id.*

On November 21, 2025, Petitioner-Plaintiff appeared for an ICE check-in, and was asked to return for another check-in on December 22, 2025. *Id.* ¶ 31.

On December 22, 2025, Petitioner-Plaintiff returned to ICE with documentation from the San Francisco Criminal Clerk's Office showing that no charges were filed and no charges against him are pending. *Id.* ¶ 32. He was detained by ICE during his December 22, 2025, check-in. *Id.* ¶ 33.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).  "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III.    DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. Petitioner-Plaintiff submitted an affidavit of his counsel that demonstrates both that immediate and irreparable injury, loss, or damage will result to Petitioner-Plaintiff before respondents can be heard in opposition, and that counsel attempted to contact the United States Attorney's Office for the Northern District of California on December 22, 2025.  Friedman Decl. ¶¶ 19–23.

Having found that the requirements of Federal Rule of Civil Procedure 65(b) are met, the

United States District Court
Northern District of California

Court also finds that Plaintiff-Petitioner (A) has demonstrated that he will likely succeed on the merits of his claim; (B) will likely suffer irreparable harm in the absence of preliminary relief; and (C) the balance of equities and the public's interest weigh in favor of granting relief.

### A. Petitioner-Plaintiff will Likely Succeed on the Merits of his Claim

Petitioner-Plaintiff will likely succeed on the merits of his claim. The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments"). Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

Petitioner has a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any arrest or detention. *Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1034–37 (N.D. Cal. 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances); *see also Pablo Sequen v. Kaiser*, 793 F. Supp. 3d 1114, 1119 (N.D. Cal. 2025) (collecting cases). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." *Toeibio Felipe Castanon Domingo v. Kaiser*, 2025 WL 1940179, at *2 (N.D. Cal. July 14, 2025).

In *Morrissey v. Brewer*, the Supreme Court held that an individual whose parole is revoked—who, like Petitioner-Plaintiff, is re-detained after being released—has a "valuable" liberty interest notwithstanding the "indeterminate" nature of his freedom. 408 U.S. 471, 482 (1972). Such a noncitizen "can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life." *Id*. The parolee's liberty therefore "includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often others." *Id*.

The Court thus finds that the three factors relevant under the *Mathews v. Eldrige* test, "the

United States District Court
Northern District of California

private interest that will be affected by the official action," "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," weigh in favor of Petitioner-Plaintiff being immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody.  424 U.S. at 335.

**B.    Petitioner-Plaintiff will Likely Suffer Irreparable Harm in the Absence of Temporary Relief**

Petitioner-Plaintiff likely faces irreparable injury and harm to liberty absent relief.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a hearing is "likely unconstitutional" that he has "also carried his burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.  As discussed above, Petitioner-Plaintiff has a constitutional liberty interest in freedom from detention.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civil detention, including that of a non-citizen, violates due process in the absence of a "special justification" sufficient to outweigh one's "'constitutionally protected interest in avoiding physical restraint.'" *Id*. (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)) (internal quotation marks omitted). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (cleaned up).

**C.    The Balance of Equities and the Public Interest Weigh in Favor of Granting Relief**

The final two *Winter* factors, the balance of the equities and public interest, merge and weigh heavily in favor of granting temporary relief.  "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*,

United States District Court
Northern District of California

No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up) (internal quotations omitted).  Petitioner-Plaintiff faces significant harm absent relief, while the harm to Respondents is minimal.  *See Domingo,* 2025 WL 1940179, at *4 ("[T]he comparative harm potentially imposed on Respondents-Defendants is minimal—a mere short delay in detaining Petitioner-Plaintiff, should the government ultimately show that detention is intended and warranted."). Respondents, at most, face a short delay in detaining Petitioner-Plaintiff and is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Because Petitioner satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order accords with many other recent grants of temporary relief in similar circumstances.  *See, e.g., Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Pinchi v. Noem,* 792 F. Supp. 3d at 1038p (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 25-cv-647, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Finally, the Court exercises its discretion under Rule 65(c) to dispense with the filing of bond.  "[T]here is no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  Therefore, no security is needed to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

6

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, the **GRANTS** Petitioner-Plaintiff's *Ex Parte* Motion for Temporary Restraining Order to preserve the status quo pending further briefing and a hearing on this matter.

Respondents are **ORDERED** to immediately release Petitioner-Plaintiff Jose Luis Ortega Macario from custody and **ENJOINED AND RESTRAINED** from re-detaining Petitioner-Plaintiff Jose Luis Ortega Macario without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing him from the United States.  This Order shall remain in effect until January 5, 2026, at 5 p.m.

The Petition, *Ex Parte* Motion for Temporary Restraining Order, and this Order SHALL be served on Respondents such that they receive actual notice as soon as practicable, and Petitioner-Plaintiff shall file proof of such service by no later than December 22, 2025, at 5:00 p.m.

*Petitioner shall be released forthwith.*

Respondents shall provide a **Status Report** confirming Petitioner-Plaintiff's release by December 23, 2025, at 9:00 a.m.  and shall not re-detain pending resolution of the forthcoming hearing.

Respondents are ORDERED TO SHOW CAUSE **in-person** at a hearing on **January 5, 2026, at 10:00 a.m**. why a preliminary injunction should not issue.  Respondents shall file a response to Petitioner-Plaintiff's motion by no later than **December 30, 2025 by noon**.  Any reply should be filed by **January 2, 2026 by noon**.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

//

//

//

7

The Court issues this order on **December 22, 2025 at 3:00 p.m**. and, given the hour, sends a courtesy copy by email to Pamela Johann, Civil Chief of the San Francisco office of the U.S. Attorney for the Northern District of California at Pamela.Johann@usdoj.gov and to Petitioner's counsel, Jennifer Taylor Freeman, jennifer.friedman@sfgov.org.

This order corresponds with ECF 8.

IT IS SO ORDERED.

Dated: December 22, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California