UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GUILLERMO ORTEGA MACARIO,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 25-cv-10885-TLT<br><br>**QUESTIONS FOR THE HEARING**<br>Re: Dkt. No. 8 |

**I.  JURISDICTION**

    A.  **To Petitioner-Plaintiff:** Respondents argue that under 8 U.S.C. § 1252(g) which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter," the Court is barred from enjoining Respondents from removing Petitioner-Plaintiff.

        i.  Petitioner-Plaintiff does not address Respondents' argument in his reply. Does Petitioner-Plaintiff concede that the Court lacks jurisdiction to grant the requested injunctive relief under 8 U.S.C. § 1252(g)?

**II.  *WINTER* FACTORS**

    A.  **To Respondents:** Respondents provided that "in the interest of judicial economy, and to expedite the Court's consideration of this matter, Respondents hereby rely upon and incorporate by reference the legal arguments regarding the petitioner's likelihood of success on the merits that it presented in *Rodriguez Diaz* and other similar cases in this District." ECF 16 at 2.

1  Respondents further provided that upon the Court's request, they would provide a
2  more exhaustive and fulsome opposition brief. *Id.* As a result of the truncated
3  briefing, and despite assertions that Petitioner-Plaintiff is uniquely situated from
4  other petitioners in similar cases, Respondents have not addressed the *Winter* factors
5  at issue in this case

    i. The Court requests that Respondents fully address the *Winter* factors as those factors relate to Petitioner-Plaintiff in the instant action. Specifically, the Respondents should address whether Petitioner-Plaintiff "is likely to succeed on the merits, [2] . . . is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

    ii. Respondent should also address Petitioner-Plaintiff's due process arguments discussed in Petitioner-Plaintiff's reply at ECF 18 at 1 – 4.

## III. PETITIONER-PLAINTIFF'S HISTORY

A. **To Respondent:** Under the Criminal History section of a report attached as Exhibits 3 to Respondents' response, Deportation Officer Ortiz-Martinez notes that Petitioner-Plaintiff's domestic violence case from an arrest which occurred on August 31, 2022[1] was "dismissed" and that he has a "pending" case for driving under the influence of liquor from an arrest that occurred on September 7, 2025. ECF 16-2 at 13. Exhibit 4 reflects Petitioner-Plaintiff's arrest from September 7, 2025. ECF 16-2 at 15–20.

B. Petitioner-Plaintiff provides the Court with Exhibit A, a Clerk's Certificate demonstrating that no complaint has been filed against him with the Superior Court of California, County of San Francisco.

    i. Does the Government concede that Petitioner-Plaintiff has not been charged for the conduct for which he was arrested in 2022 or September 2025?

---

[1] Petitioner-Plaintiff notes that his arrest for domestic violence occurred on September 30, 2022. *See* ECF 8 at 3.

        ii.    Does the Government concede that Petitioner-Plaintiff has no other pending criminal charges?

The parties are *ordered* to respond in writing by **January 16, 2026**. A timely response will allow the Court to take the matter under submission and prevent unnecessary travel.

If the parties are requesting that the matter be submitted on the briefing, this should also be included in the written response. See L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

IT IS SO ORDERED.

Dated: January 13, 2026

_____
TRINA L. THOMPSON
United States District Judge