UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LUIS GUILLERMO ORTEGA MACARIO, | Case No. 25-cv-10885-TLT |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| SERGIO ALBARRAN, et al., | Re: Dkt. No. 8 |
| Defendants. | |

On December 22, 2025, Petitioner-Plaintiff filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that he was detained without notice or a hearing in violation of his Due Process rights under the Fifth Amendment.[1] ECF 1. Petitioner-Plaintiff filed an application for temporary restraining order and motion for preliminary injunction the same day. ECF 8. Petitioner-Plaintiff's motion for preliminary injunction is now pending before the Court.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** Plaintiff's motion for preliminary injunction.

I.   BACKGROUND

  A.   **Procedural History**

On December 22, 2025, Petitioner-Plaintiff filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that he was detained without notice or a hearing in violation of his Due Process rights under the Fifth Amendment. ECF 1.

On the same day, Petitioner-Plaintiff filed an application for a temporary restraining order requesting that the Court (1) order that Respondents immediately release Petitioner-Plaintiff from

---

[1] Petitioner-Plaintiff filed an amended petition on December 22, 2025 to correct the first name of the Petitioner-Plaintiff. The amended petitioner clarifies that Petitioner-Plaintiff's name as Luis Guillermo Ortega Macario.

custody and enjoin Respondents from re-detaining him absent further order of this Court; or (2) immediately release Petitioner-Plaintiff from Respondents' custody and enjoin Respondent from re-detaining them unless and until he is afforded a hearing that complies with due process, before a neutral adjudicator; and (3) prohibit the government from transferring him out of this District and/or removing him from the country until these habeas proceedings have concluded. ECF 8 at 19–20.

Petitioner-Plaintiff's application for temporary restraining order included a request for an order to show cause as to why a preliminary injunction should not issue restraining Respondent from re-detaining Petitioner-Plaintiff unless and until he is afforded a hearing that complies with due process. ECF 8 at 1.

On December 22, 2025, the Court granted Petitioner-Plaintiff's motion for temporary restraining order releasing Petitioner-Plaintiff from custody and enjoining and restraining Respondents from re-detaining Petitioner-Plaintiff. ECF 9.

Respondents informed the Court that Petitioner-Plaintiff had been released from Immigration and Customs Enforcement ("ICE") custody on December 22, 3035 at 4:41 p.m. ECF 11.

Respondents timely filed their response to Petitioner-Plaintiff's order to show cause on the preliminary injunction request on January 1, 2026. ECF 16. Petitioner-Plaintiff timely filed a reply in support of his request on January 12, 2026. ECF 17.

A hearing on Petitioner-Plaintiff's motion was held on January 20, 2026.

**B.    Factual Background**

Petitioner-Plaintiff is a 34-year-old national of Guatemala who entered the United States in San Francisco, California. ECF 1 ¶ 19; *see* Declaration of Jennifer T. Friedman ("Friedman Decl.") ¶ 4. Petitioner-Plaintiff, his then-partner, and their two young children, turned themselves into immigration officials at or near the border on December 20, 2021. *Id.* ¶ 20. There, Petitioner-Plaintiff and his family were processed for removal proceedings and released within approximately two days. *Id.*

Petitioner-Plaintiff has lived in San Francisco with his family—including his eldest child

2

who joined them in July 2023—ever since. *Id.* ¶¶ 21–22. On September 30, 2022, Petitioner-Plaintiff and his then-partner separated after a disagreement which resulted in Petitioner-Plaintiff's arrest. *Id*. ¶ 23. Petitioner-Plaintiff was charged for misdemeanor domestic violence, but the charges were dismissed by the prosecution. *Id.* ¶ 5.

Petitioner-Plaintiff shares legal and physical custody of his children who are currently 12, 9, and 6 years old. *Id.* ¶¶ 25–26.

Both Petitioner-Plaintiff and his ex-partner having fled to the United States fleeing gang violence, including multiple physical assaults and death threats, Petitioner-Plaintiff's ex-partner was granted asylum. *Id.* ¶¶ 19, 27. Their children were granted derivative asylum status. *Id.*

Petitioner-Plaintiff has valid work authorization and works full-time in construction. *Id*. ¶ 28. He is currently working five days a week on home remodeling with a contractor. *Id.*

On January 27, 2025, the Immigration Judge denied Petitioner-Plaintiff's application for asylum and related applications for relief. *Id.* ¶ 29. Petitioner-Plaintiff filed a timely appeal to the BIA on January 30, 2025. *Id*. That appeal remains pending. *Id.*

On September 7, 2025, Petitioner-Plaintiff was stopped by police and cited for driving under the influence of alcohol. *Id.* ¶ 30. He was promptly released, and no charges were filed. *Id*. To this day, no charges have been filed. *Id*.

On November 21, 2025, Petitioner-Plaintiff appeared for an ICE check-in, and was asked to return for another check-in on December 22, 2025. *Id*. ¶ 31.

On December 22, 2025, Petitioner-Plaintiff returned to ICE with documentation from the San Francisco Criminal Clerk's Office showing that no charges were filed and no charges against him are pending. *Id.* ¶ 32. He was detained by ICE during his December 22, 2025, check-in. *Id.* ¶ 33.

**II.     JURISDICTION**

As a preliminary matter, the government contends that this Court lacks jurisdiction to grant Petitioner-Plaintiff's preliminary injunction motion. ECF 16 at 8. The government relies on *Rauda v. Jennings*, 55 F.4th 773, 777 (9th Cir. 2022) to support its contention that section 8 U.S.C. § 1252(g) strips courts of jurisdiction to enjoin removal orders. *Id*. Accordingly,

3

1  Respondents argue, the Court is restricted from granting a preliminary injunction which prohibits
2  the Government from removing Petitioner-Plaintiff. *Id.* Petitioner-Plaintiff argues that the
3  jurisdictional bar at 8 U.S.C. § 1252(g) does not apply because Petitioner-Plaintiff does not have
4  an administratively final removal order. ECF 20.

5      Section 1252(g) provides "no court shall have jurisdiction to hear any cause or claim by or
6  on behalf of any alien arising from the decision or action by the Attorney General to commence
7  proceedings, adjudicate cases, or execute removal orders against any alien."

8      Here, Petitioner-Plaintiff does not seek to enjoin his removal specifically. He seeks
9  complaisance with his due process rights; that is, a hearing prior to his re-detention on the grounds
10 he has a vested liberty interest in his current conditional release. *Aguilar Garcia v. Kaiser*, No.
11 3:25-cv-05070, 2025 WL 2998169, at *3 (N.D. Cal. Oct. 24, 2025) (rejecting Respondents' same
12 jurisdictional argument in a similar case). Section "1252(g) d[oes] not bar due process claims."
13 *Ibarra-Perez v. United States*, 159 F.4th 989, 998 (9th Cir. Aug. 27, 2025).

14     Accordingly, the Court finds that section 1252(g) does not bar the Court from granting
15 Petitioner-Plaintiff's requested preliminary injunctive relief.

### III.  LEGAL STANDARD

#### A.  Preliminary Injunction

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

### B. Due Process Clause

The Due Process Clause of the Fifth Amendment to the United States Constitution states that "[n]o person shall… be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is settled law that the Due Process clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Trump v. J. G. G.*, 604 U.S. 670, (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Once a protected liberty interest is identified, the Court determines what process is required by weighing the three *Mathews v. Eldridge* factors. 424 U.S. 319, 335 (1976). "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail." *Id*.

### C. Provisionally Certified Class and Stay of Agency Action

On December 19, 2025, a putative class and subclass of non-citizens within the jurisdiction of ICE's San Francisco field office was provisionally certified in an action against the Department of Homeland Security (DHS) and its agents in the matter of *Garro Pinchi v. Noem*, No. 25-CV-05632, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025).

The decision in *Garro Pinchi* recognized that noncitizens have "serious reliance interests" in their freedom based on DHS's previous policies. *Id*. at *29. The *Garro Pinchi* court, therefore, enjoined DHS's policy of re-detaining noncitizens released from ICE custody following a finding that they are unlikely to abscond or endanger the public. *Id*. at *34. Respondents acknowledge that Petitioner is covered by the class and subclass certified in *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025). ECF 14 at 4 n2. However, notably, Petitioner-Plaintiff's request for relief is distinct from that requested in *Garro Pinchi*. Petitioner-Plaintiff seeks an injunction specifically as to his removal without a due process hearing, whereas the Plaintiff's in *Garro Pinchi* challenge the DHS's general re-detention policy under the APA. *Garro Pinchi v. Noem*, 2025 WL 3691938 at *1.

## IV. DISCUSSION

Respondents acknowledge the Court's prior rulings and reasoning rejecting Respondents' arguments and concede that if the Court were to follow its past rulings, it would reject Respondent's arguments. ECF 16 at 1 ("Respondents acknowledge that this Court's prior rulings concerning challenges to the government's practice and legal arguments under 8 U.S.C. § 1225(b)(2)(A) would control the result here if the Court adheres to its legal reasoning in those prior decisions."). Respondents did not waive these arguments, but preliminarily relied upon and incorporated by reference the legal arguments regarding Petitioner-Plaintiff's likelihood of success on the merits that it presented in *Rodriguez Dias* and other similar cases in this District. ECF 16 at 2. However, in response to the Court's questions, Respondent subsequently addressed the *Winter* factors as applied to this case. ECF 21. Respondent also argues that (1) Petitioner was detained, and is properly subject to mandatory detention, because Respondent made an individualized

6

determination that Petitioner-Plaintiff's circumstances had materially changed since his last release such that he poses a danger to the public and (2) Petitioner-Plaintiff is subject to mandatory detention for the duration of his removal proceedings because Petitioner-Plaintiff is an "applicant for admission" and is "seeking admission" under 8 U.S.C. § 1225(b)(2).

Petitioner-Plaintiff argues that (1) Petitioner-Plaintiff is not subject to re-detention under the *Garro Pinchi v. Noem* order, and (2) Petitioner-Plaintiff is not subject to detention under 8 U.S.C. § 1225(b). In Respondents supplemental filing in response to the Court's questions, Respondents addressed Petitioner-Plaintiff's due process arguments. ECF 21.

Below the Court addresses the *Winter* factors and addresses Respondents statutory arguments in discussion of Plaintiff-Petitioner's likelihood of success.

### A. Petitioner-Plaintiff Will Likely Succeed on the Merits of His Claims and Raises Serious Legal Questions

Petitioner-Plaintiff argues that the Due Process Clause prevents Respondents from re-arresting him without first providing a pre-deprivation hearing before a neutral adjudicator where the government demonstrates by clear and convincing evidence that there has been a material change in circumstances such that he is now a danger or a flight risk. ECF 8 at 1–2. Without such a showing made, Petitioner-Plaintiff argues, the government should be enjoined from re-incarcerating him. *Id.* Respondents argues that Petitioner is an "applicant for admissions" subject to a mandatory detention under §§ 1225(b)(1) and (b)(2). ECF 16 at 5. Moreover, Respondents contends that even under the framework set forth in 8 U.S.C. § 1226(a), Petitioner-Plaintiff is not entitled to release or a *pre*-detention review by an immigration judge, but only a post-detention bond hearing. *Id.* at 7.

#### i. Petitioner-Plaintiff is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225

The Court must first resolve whether Petitioner-Plaintiff is subject to mandatory detention under Section 1225 or 1226. Respondents argues that Petitioner-Plaintiff should be treated as an "applicant for admissions" who is "seeking admission" under 8 U.S.C. § 1225(a)(1) and,

therefore, subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  ECF 16 at 5–6.  Petitioner-Plaintiff responds that he is not subject to detention under 8 U.S.C. § 1225(b) as he brings a procedural due process claim that falls outside of the context § 1225(b) was enacted to cover.  ECF 17 at 7.

    The government's argument rests on a provision in 8 U.S.C. § 1225(b)(2)(A) which, in relevant part, provides:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

    Under Respondents' interpretation of this statutory provision, those noncitizens are already subject to mandatory detention under section § 1226(b)(2) would also be subject to mandatory detention under 1225(b)(2). While this reading is consistent with the court's interpretation of section 1225 in *Yajure Hurtad*, 29 I & N Dec. 216, 222 (BIA 2025), which Respondents rely upon, this reading is incongruent with the statutory scheme and legislative history the amendments to 8 U.S.C. § 1226.  *Bernal v. Albarran* 2025 WL 3281422, at *4.

    The Court joins the other courts in this district which have rejected the BIA's and Respondents' interpretation of section 1225.  *Bernal v. Albarran*, No. 25-cv-09772, 2025 WL 3281422, at *4 (N.D. Cal. Nov. 25, 2025); *Valencia Zapata v. Kaiser*, No. 25-cv-07492, 2025 WL 2741654, at *10 (N.D. Cal. Sept. 26, 2025); *Diaz v. Albarran*, No. 3:25-cv-09837, 2025 WL 3496686, at *3 (N.D. Cal. Dec. 5, 2025).  Respondents' reading of section 1225 treats the phrases "applicant for admission" and "seeking admission" as synonymous, which renders the phrase "seeking admission" in section 1225(b)(2) unnecessarily redundant.  *Salcedo Aceros*, 2025 WL 2637503, at *9.  It would also render superfluous the recent Laken Riley Act amendments to section 1226(c).

    Accordingly, the Court finds that Petitioner-Plaintiff is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

### ii. Petitioner-Plaintiff is Not Subject to Mandatory Detention under 8 U.S.C. § 1226

Petitioner-Plaintiff argues that under 8 U.S.C. § 1226 DHS is required to make a showing of changed circumstances—that is, show by clear and convincing evidence that there has been a material change in circumstances such that he is now danger or a flight risk—before re-arresting a noncitizen. ECF 17 at 3–4. He argues that Respondents have not made such a showing to justify Petitioner-Plaintiff's rearrest. *Id.;* ECF 8 at 13. Respondents argue that the government is permitted to re-arrest Petitioner-Plaintiff under § 1226 because that provision only entitled Petition-Plaintiff to a post-detention hearing where he must bear the burden of demonstrating that he is not a flight risk or danger to the community. ECF 16 at 2–3.

8 U.S.C. § 1226(a) "authorizes the [g]overnment to detain certain aliens already in the country pending the outcome of removal proceedings," *Jennings*, 583 U.S. at 289, but permits detention only if a noncitizen "pose[s] a danger to the safety of other persons or of property" or is not "likely to appear for any scheduled proceeding," 8 U.S.C. § 1226(a)(4). Noncitizens subject to § 1226(a) therefore have a statutory as well as constitutional interest in remaining out of custody unless they pose a threat to the public or a flight risk. *Pablo Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *7 (N.D. Cal. Oct. 15, 2025). *Bernal*, No. 25-cv-09772, 2025 WL 3281422, at *6 (noting that "detention is permitted under section 1226(a) only if [Petitioner-Plaintiff] is dangerous or a flight risk"). A showing that circumstances have changed such that Petitioner-Plaintiff does pose a danger to the public or a flight risk is required prior to Petitioner-Plaintiff's re-arrest. *Salcedo Aceros*, 2025 WL 2637503, at *1 ("DHS may not re-arrest that noncitizen absent a change in circumstance.") (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (noting changed circumstance standard applies whether an immigration judge or ICE officer had previously released a noncitizen on bond).

Respondents' arguments that Petitioner-Plaintiff is entitled only to a post-detention hearing where he bears the burden of demonstrating that he is not a flight risk or danger to the community is inconsistent with the law as it has been applied in this district. *See Llanes Tellez v. Bondi*, No. 25-cv-08982, 2025 WL 3677937, at *9 (N.D. Cal. Dec. 18, 2025) (requiring the Government to "provide [petitioner] with the pre-detention hearing before a neutral decisionmaker required by

due process," conditioning petitioner's re-detention on "the government prov[ing] by clear and convincing evidence at such a hearing that he is a flight risk or danger to the public").

Beyond Respondents' reliance on incorrect law, Respondents plainly have not met their burden of showing that there has been a change in circumstances such that Petitioner-Plaintiff's re-arrest is warranted. Respondent argues that ICE made an individualized determination that Plaintiff-Petitioner's arrests in September 2022 and September 2025 constituted material changes in circumstances that warrant his rearrest. ECF 16 at 4. However, these arrests did not result in any convictions or even charges. ECF 17 at 3. Multiple courts in this district have ordered release and pre-deprivation hearings where noncitizens have been arrested following their initial release by ICE. *See e.g., Llanes Tellez v. Bondi*, No. 25-CV-08982, 2025 WL 3677937, at *5 (N.D. Cal. Dec. 18, 2025); *Claros v. Albarran*, No. 25-CV-09473, -- F.Supp.3d --, 2025 WL 3458888 (N.D. Cal. Dec. 2, 2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923, at *1 (N.D. Cal. Sept. 25, 2025); *Larrios v. Albarran*, No. 25-cv-08799, 2025 WL 3043391, at *7-8 (N.D. Cal. Oct. 31, 2025). Simply, "while the Supreme Court has held that noncitizens 'convicted of particular crimes' described in § 1226(c) 'may reasonably be presumed to pose a risk of flight or a danger to the community,' that is not true for non-citizens without such criminal records." *Garro Pinchi*, 2025 WL 3691938 at *2 (citing *Valencia Zapata*, —— F.Supp.3d at ——, 2025 WL 2741654, at *12. Petitioner-Plaintiff does not have a criminal record which would justify changed circumstances under 8 U.S.C. § 1226.

Accordingly, Respondents may not justify re-arresting Petitioner-Plaintiff prior to a pre-detention hearing on the grounds that he is subject to detention under 8 U.S.C. § 1226.

### iii. Petitioner-Plaintiff Will Likely Succeed on His Procedural Due Process Claim

Petitioner-Plaintiff argues that due process mandates that he receive notice and a hearing before a neutral adjudicator prior to any re-arrest or revocation of his custody release. ECF 7 at 17. Respondents argue that as an "applicant for admission" Petitioner-Plaintiffs' detention is governed by the § 1225(b) framework, meaning for due process purposes Petitioner-Plaintiff should be treated as if stopped at the border and is afforded no greater rights under the Due

10

Process Clause than established by statute. ECF 21 at 6.

As a preliminary matter, it is well established that noncitizens "who have once passed through our gates, even illegally," are entitled to "proceedings conforming to traditional standards of fairness encompassed in due process of law." *Mezei*, 345 U.S. at 212; see also Zadvydas, 533 U.S. at 693. No matter his pathway to this country, once Petitioner-Plaintiff began to establish roots in this country, he was entitled to due process of law by the United States Constitution. *Plyler v. Doe*, 457 U.S. 202, 210 (1982). Although merely "set[ting] foot on U.S. soil" may not be sufficient to "effect[ ] an entry" and trigger due-process protections if the noncitizen is detained shortly thereafter, *Thuraissigiam*, 591 U.S. at 139–40, if a noncitizen "gain[s a] foothold in the United States," *Kaplan v. Tod*, 267 U.S. 228, 230 (1925), or "begins to develop ... ties" in this country, "h[er] constitutional status changes accordingly," and she "has a right to due process." *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); see also Yamataya v. Fisher, 189 U.S. 86, 100–01 (1903) (distinguishing noncitizens entitled to due process from those "who ha[ve] been here for too brief a period to have become, in any real sense, a part of our population").

Once a protected liberty interest is identified, the Court determines what process is required by weighing the three *Mathews v. Eldridge* factors. 424 U.S. 319, 335 (1976). "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. Thus, the issue before the Court is whether Petitioner-Plaintiff's liberty interest is weighty enough to require pre-deprivation notice and a hearing before a neutral adjudicator.

As noted above, the Court has rejected Respondent's argument that the framework as set out in 8 U.S.C. § 1225(b) applies to Petitioner-Plaintiff's claims. Instead, the Court shall address Petitioner-Plaintiff argument that he is entitled to a pre-detention proceeding under the Due Process clause because (i) he has a weighty liberty interest in conditional release; (ii) the risk of erroneous deprivation without a pre-deprivation hearing is high; and (iii) Respondents' interest in

11

detaining him without a pre-deprivation hearing is minimal. ECF 8 at 5, 11, and 12–13.

### a. Petitioner-Plaintiff has a Protected Liberty Interest in Conditional Release

Petitioner-Plaintiff argues that he has a liberty interest in continuing to exercise the freedom that he has had in the United States since December 2021, when he was released on bond. ECF 8 at 7–8.

It is well-established that parolees have a strong interest in their conditional release, *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972), and courts have held they cannot be re-arrested without a due process hearing in which they can challenge their re-incarceration. *Id.*; *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010); *Hurd v. District of Columbia*, 864 F.3d 671, 683 (D.C. Cir. 2017). The Court does not distinguish between citizens and noncitizens in this context. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal 2019) ("Just as people on pre-parole, parole, and probation status have a liberty interest, so too does Ortega have a liberty interest in remaining out of custody on bond."). Noncitizens have a right to due process. *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1056 (N.D. Cal 2021) ("The Court... declines to ignore the due process principles articulated in *Morrissey* on the basis that it was not decided in the immigration context.").

Petitioner-Plaintiff resides in San Francisco, California. ECF 8-1 ¶ 4. For four years, he has lived in the United States released on his own recognizance. ECF 2, Amended Petition, 1 ¶ 2. He is currently awaiting a final decision on an application for asylum pending before the Board of Immigration Appeals. ECF 8 at 16. He has a job in construction, working on home remodeling jobs. ECF 8-1 ¶ 12. He is involved in the lives of his three children, ages 6, 12, and 19, who live with him fifty per cent of the time. *Id.* ¶ 11. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (finding petitioner had a substantial interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church."). If detained, Petitioner-Plaintiff would be unable to continue working, remain in his home, and support his family.

Moreover, because Petitioner-Plaintiff's release was in the *civil*—not criminal—context, Petitioner-Plaintiff's liberty may not be diminished as a punishment. *See Zadvydas*, 533 U.S. at 690 (holding civil detention is nonpunitive); *see also U.S. v. Knights*, 534 U.S. 112, 119 (2001) (comparing probationers' reduced liberty with that of "law-abiding citizens"). Petitioner-Plaintiff's liberty interest on release is therefore at least as great as those serving criminal sentences on parole. Indeed, "[e]ven parolees—for whom detention is the 'default,' who are subject to significant constraints on liberty, and who continuing to serve their criminal sentences for serious or violent felonies while released on parole—may not be detained and put back in prison without a court hearing within a few days." *Guillermo M. R. v. Kaiser*, No. 25-cv-05436, 2025 WL 1983677, at *1 (N.D. Cal. July 17, 2025).

Accordingly, the Court finds that Petitioner-Plaintiff has a protected liberty interest in his conditional release, and that, therefore, the first *Mathews* factor weighs in Petitioner-Plaintiff's favor.

### b. The Risk of Erroneous Deprivation Without Pre-Deprivation Process is High

Petitioner-Plaintiff argues that his case is not one of those "special cases" where post-deprivation remedies are the only remedies possibly available to him. ECF 8 at 9. Petitioner-Plaintiff thus argues that requiring a pre-deprivation hearing would decrease the significant risk of being erroneously deprived of his liberty by the government. ECF 8 at 13.

Absent a pre-detention hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that Petitioners' re-detention will not be pursuant to a valid state interest. *See Aviles-Mena*, 2025 WL 2578215, at *5; *see also Singh v. Andrews*, No. 1:25-cv-00801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025) ("[W]here ... the petitioner has not received any bond or custody redetermination hearing," "the risk of an erroneous deprivation of liberty is high.") That is because "neither Petitioner[s] nor Respondents had an opportunity to determine whether any valid basis exists for [their] detention." *Oliveros v. Kaiser*, No. 25-cv-07117, 2025 WL 2677125, at *7 (N.D. Cal. Sept. 18, 2025).

Despite the fact that "the government's discretion to incarcerate non-citizens is always

constrained by the requirements of due process," *Hernandez*, 872 F.3d at 981, Respondents maintain that Petitioner-Plaintiff is not entitled to a pre-detention hearing and suggests that an incorrect legal standard applies at this hearing. ECF 16 at 7 ("[A]t any bond hearing under 1226(a), Petitioner must bear the burden of demonstrating that he is not a flight risk or danger to the community."); *See Llanes Tellez,* 2025 WL 3677937, at *9 (placing the burden of such a showing on the Government). Given Respondents' application of an incorrect legal standard at any hearing, and Plaintiff-Petitioner's years long compliance with ICE procedures despite his transparency about his arrests, the Court finds that high risk of erroneous deprivation in this case likely means that a pre-deprivation hearing is constitutionally necessary. *See Llanes Tellez,* 2025 WL 3677937, at *8 –*9 (finding risk of erroneous deprivation likely where--notwithstanding petitioner attending his scheduled meetings with DHS despite an arrest and conviction for DUI— DHS found petitioner was a flight risk and danger to the community despite the evidence).

Accordingly, the Court finds that the second *Mathews* factor weighs in Petitioner-Plaintiff's favor.

### c. Respondents' Interest in Detaining Petitioner-Plaintiff Without a Hearing is Minimal

Finally, regarding the final *Mathews* factor, Petitioner-Plaintiff argues that the government's interest in detaining Petitioner-Plaintiff without a hearing required by due process is outweighed by Petitioner-Plaintiff's private interest in his liberty. ECF 8 at 11.

The government may have "a strong interest" in detaining noncitizens during the pendency of removal proceedings as needed to "protect[ ] the public from dangerous criminal aliens," or to prevent flight and thereby "increase the chance that ... the aliens will be successfully removed." *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore v. Kim*, 538 U.S. 510, 515 (2003)). However, the government must show that Petitioner-Plaintiff is a flight risk or a danger to the community for this Court to find Petitioner-Plaintiff's interest in remaining free is overcome. *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *8 (N.D. Cal. Sept. 16, 2025).

Respondents' interest in enforcing immigration laws does not justify Petitioner-Plaintiff's detention without a pre-detention hearing, as required to safeguard due process. *See Ortega v.*

*Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (finding the third *Mathews* factor favored petitioner, noting the government "has the power to take steps toward" re-arresting petitioner, but "its interest in doing so without a hearing is low"). Respondents have not demonstrated that the cost of providing a hearing would impose a financial or administrative burden. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Singh*, 2025 WL 1918679, at *8 (citing *Doe v. Becerra*, No. 2:25-cv-00647, 2025 WL 691664, at *2 (E.D. Cal. Mar. 3, 2025)); *see also Pinchi*, 2025 WL 2084921, at *6 ("[I]t is likely that the cost to the government of detaining [petitioner] pending any bond hearing would significantly exceed the cost of providing her with a predetention hearing."). Instead, "[s]ociety's interest lies on the side of affording fair procedures to all persons, even though the expenditure of governmental funds is required." *See Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983).

Accordingly, the court finds that the third *Mathews* factor weighs in Petitioner-Plaintiff's favor.

\* \* \*

In conclusion, the Court finds that Petitioner-Plaintiff has shown a likelihood of success on the merits of his claim that he is entitled to a hearing before a neutral decisionmaker prior to any re-arrest or detention.

### B. Petitioner-Plaintiff Will Likely Suffer Irreparable Harm in the Absence of Temporary Relief

Petitioner-Plaintiff argues that without relief from this Court, he is likely to be subjected to unlawful re-detention and violation of his due process rights. ECF 8 at 17. Respondents argue that Petitioner-Plaintiff has not established that he will suffer irreparable harm absent a preliminary injunction because "unlawful deprivation of physical liberty" is a harm that "is essentially inherent in detention," and thus "the Court cannot weigh this strongly in favor of" Petitioner. ECF 21 at 4 (citing *Lopez Reyes v. Bonnar*, No 18-cv-07429, 2018 WL 7474861 at *10 (N.D. Cal. Dec. 24, 2018)).

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)

(quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a hearing is "likely unconstitutional" that he has "also carried his burden as to irreparable harm." *Hernandez*, 872 F.3d at 995. Petitioner-Plaintiff is likely to suffer irreparable harm in the absence of preliminary injunctive relief because, while Petitioner is currently out of ICE custody as a result of the Court's temporary restraining order, there is no reason to believe that the government will refrain from re-detaining Petitioner-Plaintiff absent injunctive relief from this Court.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civil detention, including that of a non-citizen, violates due process in the absence of a "special justification" sufficient to outweigh one's "'constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)) (internal quotation marks omitted). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (cleaned up). Additionally, by the time any post-deprivation hearing is available, it will already be too late. *Jorge M.F.*, 534 F. Supp. 3d at 1055 ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid.").

In the absence of preliminary relief, Petitioner-Plaintiff is likely to suffer immediate and irreparable harm in the form of re-arrest and detention without due process. *Garcia v. Bondi*, No. 25-cv-05070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (finding irreparable injury where petitioner's children "depend upon him for support" and ISAP "did not respond to…inquiries regarding the purpose of the check-in").

    **C.    The Balance of Equities and the Public Interest Weight in Favor of Granting Relief**

Petitioner-Plaintiff argues that the balance of equities strongly favors him because he faces irreparable injury, and the government cannot suffer harm from an injunction preventing it from engaging in unlawful conduct. ECF 8 at 18. Respondents argue that the government has a

compelling interest in the enforcement of its immigration laws which outweigh Petitioner-Plaintiff's interest in claimed harms. ECF 21 at 4–5.

The final two *Winter* factors, the balance of the equities and public interest, merge and weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up) (internal quotations omitted). Petitioner-Plaintiff faces significant harm absent relief, while the harm to Respondents is minimal. *See Domingo*, 2025 WL 1940179, at *4 ("[T]he comparative harm potentially imposed on Respondents is minimal—a mere short delay in detaining Petitioner-Plaintiff, should the government ultimately show that detention is intended and warranted."). Respondents, at most, face a short delay in detaining Petitioner-Plaintiff and is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Because Petitioner-Plaintiff satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the preliminary injunction is granted. This Order accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Pinchi*, 792 F. Supp. 3d at 1038 (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 25-cv-647, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

For the foregoing reasons, the Court concludes that Petitioner-Plaintiff is likely to succeed

on the merits of his claim that procedural due process entitles him to notice and a hearing before a neutral adjudicator where the government bears the burden of showing that Petitioner-Plaintiff's re-detention is legally justified.  Petitioner-Plaintiff is likely to suffer irreparable harm absent relief, and the balance of equities and public interest strongly favors issuing a preliminary injunction.

V.  **CONCLUSION**

The Court **GRANTS** Petitioner-Plaintiff's motion for a preliminary injunction because Petitioner-Plaintiff has shown a likelihood of success on the merits of his claim that procedural due process entitles him to a pre-deprivation hearing, he is likely to suffer irreparable harm without relief, and the balance of equities and public interest weight strongly in favor of granting a preliminary injunction.

Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner-Plaintiff without notice and a pre-deprivation hearing before a neutral decisionmaker, and Respondents are **ENJOINED AND RESTRAINED** from removing him from the United States.

This Order resolves ECF 8.  Having granted Petitioner-Plaintiff's requested relief this matter is hereby terminated.

The Clerk of the Court shall close the case and terminate the matter.

**IT IS SO ORDERED.**

Dated: February 2, 2026

TRINA L. THOMPSON
United States District Judge