UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS GUILLERMO ORTEGA MACARIO,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 25-cv-10885-TLT

**SUPPLEMENTAL QUESTIONS FOR THE HEARING AND ORDER**

Re: Dkt. No. 36

Please provide responses to the following questions before the hearing no later than **September 10 2026 at noon.**

**[TO BOTH PARTIES]**

1. What time is Plaintiff's check-in with ICE on September 10, 2026?

2. Has Plaintiff requested a stay of removal from the Ninth Circuit in his appeal of the BIA's final order of removal?

   a. If not, does Plaintiff's failure to request a stay of removal from the Ninth Circuit affect this Court's jurisdiction over Plaintiff's *ex parte* TRO?

   b. Please cite any binding Supreme Court or Ninth Circuit authority that supports your position.

3. What is the statutory basis for Plaintiff's re-detention?

4. In *Kumar v. Semaia*, No. 5:26-CV-00775-FWS-MAR, 2026 WL 2519290 (C.D. Cal. Aug. 26, 2026), the Court held that it did not have jurisdiction to review the immigration judge's bond hearing determinations and that the exercise of jurisdiction would be inappropriate because the plaintiff had not exhausted his administrative remedies by appealing the immigration judge's determination to the BIA.

United States District Court
Northern District of California

United States District Court
Northern District of California

a. Does the Court lack jurisdiction for similar reasons to those outlined in *Kumar*?

b. As in *Kumar*, should Plaintiff be required to exhaust his administrative remedies before seeking relief from this Court?

c. Please cite any binding Supreme Court or Ninth Circuit authority that supports your position.

5. Plaintiff is currently a non-detainee – are there any jurisdictional challenges for this Court, given the current status of the case and the pending Ninth Circuit appeals?

a. Do you contend that the custody hearing held on July 22, 2026 was a due process hearing?

b. If so, which Court is the appropriate Court to review the IJ's actions?

c. If this Court can review, what is the appropriate scope of review and the standard of review?

d. What was the date of the wet reckless arrest?

**-ORDER-**

Respondents may not re-detain the Petitioner until the Court resolves the application for the temporary restraining order to be heard on Friday, September 11, 2026 at 11 a.m. in Department 09 (in person).

This order does not prevent Respondents from executing a final order of removal, should one be entered against any Petitioner.

IT IS SO ORDERED.

Dated: September 9, 2026

TRINA L. THOMPSON
United States District Judge